# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHANIE R.[1], | Case No. 6:20-cv-1945-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | |
| Defendant. | |

Laurie B. Mapes, Attorney at Law, PO Box 1241, Scappoose, OR 97056; Luke Moen-Johnson, DREW L. JOHNSON PC, 1700 Valley River Drive, Suite 100, Eugene, OR 97401. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie. Civil Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Heidi L. Triesch, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Stephanie R. brings this action pursuant § 205(g) of the Social Security Act, *as amended*, 42 U.S.C. § 405(g) (Act), to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income (SSI) under Title XVI of the Act. The Commissioner concedes error and agrees that the ALJ's decision should be reversed, but the parties disagree over whether further proceedings are necessary. The Court reverses the ALJ's decision, and remands for calculation of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)

(quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a

ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A.  Plaintiff's Application

Plaintiff applied for disability insurance benefits on April 3, 2018 and supplemental

security income on July 30, 2018. Plaintiff alleged a disability onset date of May 1, 2014.

Plaintiff was born on December 18, 1993 and was 20 years old at the date of alleged disability

onset. Plaintiff's application was denied at the initial and reconsideration levels. Plaintiff

requested review, and an administrative hearing was held before an Administrative Law Judge

(ALJ). After a hearing, the ALJ issued a decision that Plaintiff was not disabled. Plaintiff

petitioned the Appeals Council, which declined review on September 8, 2020, making the ALJ's

decision the final decision of the Commissioner. Plaintiff seeks review of that decision.

### B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

    1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
             §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
             significant mental or physical duties done or intended to be done for pay

or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also* *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.   The ALJ's Decision**

As a preliminary matter in Plaintiff's DIB claim, the ALJ found that Plaintiff had acquired sufficient quarters of coverage to remain insured through June 30, 2016. AR 15. At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since May 1, 2014. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: Sjogren's syndrome; fibromyalgia; neurogenic syncope; anxiety; and polycystic ovarian syndrome. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically exceeds the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16. The ALJ next found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), and that Plaintiff can frequently stoop, crouch, and kneel; can occasionally crawl and climb ladders, ropes, and scaffolds; and must be permitted to sit or stand at will while remaining on task. AR 18. The ALJ also found that, due to mental impairments, Plaintiff can apply

commonsense understanding to carry out short or simple written or oral instructions consistent with level 2 reasoning that can be learned in 30 days or less. *Id.* At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. AR 22. At step five, the ALJ found that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. *Id.* These included press clipping paster, cutter; document preparer; and escort vehicle driver. AR 23. The ALJ ultimately found that Plaintiff had not been disabled under the Act from May 1, 2014 through the date of the decision.

## DISCUSSION

Plaintiff objects to several aspects of the ALJ's decision. Plaintiff argues that the ALJ erred by: (1) failing to provide any specific, clear, and convincing reason to reject Plaintiff's reports that chronic fatigue, dizziness, painful joints and muscles, "fibro fog" and anxiety leave her with only about three hours of functional time during a day and make her ability to complete or even undertake simple tasks unreliable; (2) failing to provide legally sufficient rationale to ignore the observations of Plaintiff's father that Plaintiff's ability to function is unpredictable, limited to brief periods, and slowed by her chronic pain, fatigue, and "brain fog"; (3) erroneously finding the RFC assessments of non-examining agency psychologists as persuasive and that Plaintiff can sustain functioning and concentration in full-time work so long as the work is simple; and (4) failing to meet the Commissioner's step-five burden to demonstrate that Plaintiff can perform jobs that exist in significant numbers in the national economy.

The Commissioner concedes that the ALJ's step five finding lacks substantial evidence and that the ALJ failed to discuss statements from Plaintiff's father. Plaintiff argues that the Court should remand for the calculation and payment of benefits. The Commissioner argues that remand for benefits is inappropriate and that the Court should instead remand for further proceedings. The Court therefore considers (A) the ALJ's evaluation of Plaintiff's subjective

symptom testimony; (B) the ALJ's assessment of the opinions of the non-examining agency psychologists; and (C) whether to remand for benefits or further proceedings. The Court addresses each in turn.

## A.  Plaintiff's Subjective Testimony

The Commissioner does not concede that the ALJ improperly rejected Plaintiff's symptom testimony. The Commissioner, however, did not defend the ALJ's reasons for discounting Plaintiff's testimony or respond to Plaintiff's arguments challenging these reasons. The Commissioner only noted that it "does not concede" that the ALJ improperly discredited Plaintiff's symptom testimony. The Commissioner offered no argument in support other than the general conclusory statement that the "ALJ relied on evidence that showed Plaintiff was not as limited." *See* ECF 19, at 3. Accordingly, the Commissioner has waived any argument that the ALJ provided adequate reasons to discount Plaintiff's symptom testimony. *See, e.g.*, *Megan S. v. Berryhill*, 2019 WL 1919169, at *5 (D. Or. Apr. 30, 2019) (finding that the Commissioner "has waived any argument that the ALJ provided a clear and convincing reason other than Plaintiff's purported improvement" by failing to respond to Plaintiff's arguments other than generally to assert "harmless error"); *Alesia v. Berryhill*, 2018 WL 3920534, at *7 (N.D. Ill. Aug. 16, 2018) (finding that the Commissioner's "conclusory assertion and overly broad evidentiary citation" is not a sufficient argument and thus waives any argument that the ALJ's conclusion was legally sufficient); *Kelly v. Colvin*, 2015 WL 4730119, at *5 (N.D. Ill. Aug. 10, 2015) (finding that the Commissioner's failure to defend the ALJ's assessment on certain grounds waived those issues). The Court therefore concludes that the ALJ erroneously discredited Plaintiff's symptom testimony.

**B. RFC Assessments of Non-Examining Agency Psychologists**

Similarly, the Commissioner does not expressly concede that the ALJ erroneously found the RFC assessments of non-examining agency psychologists, Susan South, Psy.D., and Ben Kessler, Psy.D., persuasive opinion evidence that Plaintiff can sustain functioning and concentration in full-time work so long as the work is simple and routine. The Commissioner, however, did not defend the ALJ's reasons for giving weight to these opinions or respond to Plaintiff's arguments challenging these reasons, including that the doctors erroneously concluded Plaintiff did not have any severe physical impairments (in contravention to the ALJ's findings) and that the doctors did not review significant evidence in the record. The Commissioner only noted that she "does not concede this error either." The Commissioner offered no argument in support other than this general conclusory statement. *See* ECF 19, at 3, n.1. Accordingly, the Commissioner has waived any argument that the ALJ did not err in evaluating the opinions of these doctors. *See, e.g.*, *Megan S.*, 2019 WL 1919169, at *5; *Alesia*, 2018 WL 3920534, at *7; *Kelly*, 2015 WL 4730119, at *5. The Court therefore concludes that the ALJ erroneously found the RFC assessments of non-examining agency psychologists, Susan South, Psy.D., and Ben Kessler, Psy.D., as persuasive and that Plaintiff can sustain functioning and concentration in full-time work so long as the work is simple and routine.

**C. Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanri*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award

benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The district court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and may decline to remand for benefits when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

The Commissioner concedes that the first element of the credit-as-true analysis, that the ALJ failed to provide legally sufficient reasons for rejecting evidence, is satisfied based on the errors conceded by the Commissioner. The Court also concludes that this factor is met by the ALJ's improper rejection of Plaintiff's symptom testimony and erroneous evaluation of the opinions of the non-examining agency psychologists Susan South, Psy.D., and Ben Kessler, Psy.D.

For the second factor, whether the record is fully developed and free from conflicts or ambiguities in the record, Plaintiff argues that there are none considering the improperly

discounted evidence. That, however, flips the order of the credit-as-true analysis. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether any issues are outstanding, as 'this reverses the required order of analysis.'" (quoting *Dominguez*, 808 F.3d at 409). There are conflicts in the record considering Plaintiff's testimony, the testimony of Plaintiff's father, the various medical testimony that both supports and contradicts Plaintiff's claimed limitations, and the testimony of the vocational expert that indicates a person with Plaintiff's claimed limitations is not employable but a person with the RFC as determined by the ALJ may be employable. Those conflicts must be resolved by the ALJ on remand.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 21st day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge